# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO WILLIAMS,<br><br>          Plaintiff,<br><br>     v.<br><br>KERN COUNTY PUBLIC DEFENDER, et al.<br><br>          Defendants.<br>_____/ | CASE NO. 1:06-cv-0599-AWI-DLB PC<br><br>FINDINGS AND RECOMMENDATION RE DISMISSAL OF ACTION |

I.   Screening Order

    A.   Screening Requirement

Plaintiff is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
6  grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only
7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with
8  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether
9  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of
10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,
11 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also
12 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the
13 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.
14 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual
15 allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil
16 rights complaint may not supply essential elements of the claim that were not initially pled." Bruns
17 v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents,
18 673 F.2d 266, 268 (9th Cir. 1982)).

19      B.    Plaintiff's Claims

20 Plaintiff is currently incarcerated at Wasco State Prison. Plaintiff names as defendants
21 various Kern County agencies, including the Kern County Public Defenders Office, the Indigent
22 Defense Program, the Kern County Sheriff's Department, the Kern County Superior Court and the
23 Kern County District Attorney's Office. Plaintiff also names the Bakersfield Californian Newspaper
24 and the Bakersfield Police Department as defendants. Plaintiff is seeking money damages and
25 injunctive relief.

26 Plaintiff alleges that he was arrested and prosecuted for crimes he did not commit. He
27 alleges that police officers testified under oath that he was in possession for sales of marijuana for
28 the benefit of a criminal street gang and that he was a secret informant. Plaintiff states that his first

trial resulted in a mistrial, after which his public defender abandoned him and the case was refiled. He was subsequently represented by three (3) other attorneys from the Indigent Defense Program. Plaintiff alleges that these attorneys and the District Attorney's Office conspired to prosecute him illegally and the judges improperly denied his motions to dismiss the case.

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). "[I]in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. Thus, plaintiff's avenue of relief for an allegedly unconstitutional conviction is a petition for writ of habeas corpus relief, not a civil rights action.

Based on the foregoing, plaintiff fails to state a claim upon which relief may be granted under section 1983, and it is HEREBY RECOMMENDED that this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

3

1  **days** after being served with these Findings and Recommendations, plaintiff may file written
2  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).

8      IT IS SO ORDERED.

9      **Dated:**   **May 30, 2007**             **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE