UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO WILLIAMS, | 1:06-cv-00599-AWI-DLB-P |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATION** (Doc. 9) |
| vs. | **ORDER DISMISSING ACTION** |
| KERN COUNTY PUBLIC DEFENDER, et al., | |
| Defendants. | |

Plaintiff, Antonio Williams ("plaintiff"), is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 31, 2007, the Magistrate Judge filed Findings and a Recommendation herein which were served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendation were to be filed within thirty (30) days.  On June 13, 2007, plaintiff filed objections to the Magistrate Judge's Findings and Recommendation.

1

1  In accordance with the provisions of 28 U.S.C.
2  § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a
3  <u>de novo</u> review of this case.  Having carefully reviewed the
4  entire file, the Court finds the Findings and Recommendation to
5  be supported by the record and by proper analysis.  The
6  objections do not provide a basis to not adopt the Findings and
7  Recommendation.  As explained by the Magistrate Judge, pursuant
8  to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a civil rights action
9  under 42 U.S.C. § 1983 is not an appropriate vehicle to challenge
10 the validity of outstanding criminal judgments if such a
11 challenge necessarily requires the plaintiff to prove the
12 unlawfulness of his conviction.  <u>Id</u>. at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

<u>Id</u>. at 486-87 (footnote omitted).  Until such time as Plaintiff's conviction is invalidated, this action for damages is not cognizable.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed May 31, 2007, are ADOPTED IN FULL; and,

2. This action is DISMISSED, without prejudice.

IT IS SO ORDERED.

**Dated:   July 27, 2007            /s/ Anthony W. Ishii**
                              UNITED STATES DISTRICT JUDGE